# EXHIBIT A

*Secretary*
U.S. Department of Homeland Security
Washington, DC 20528



February 5, 2020

Mark J.F. Schroeder
Acting Commissioner
New York State Department
  of Motor Vehicles
6 Empire State Plaza
Albany, NY  12228
mark.schroeder@dmv.ny.gov

Theresa L. Egan
Executive Deputy Commissioner
New York State Department
  of Motor Vehicles
6 Empire State Plaza
Albany, NY  12228
theresa.egan@dmv.ny.gov

***Via email and U.S. mail***

Dear Mr. Schroeder and Mrs. Egan:

    On June 17, 2019, the State of New York (New York) enacted the Driver's License Access and Privacy Act (the Act), effective December 14, 2019.[1]  The Act forbids New York Department of Motor Vehicles (DMV) officials from providing, with very limited exceptions, pertinent driver's license and vehicle registration information to the United States Department of Homeland Security (DHS).  Specifically, this Act precludes U.S. Customs and Border Protection (CBP) and Immigration and Customs Enforcement (ICE) from accessing and validating pertinent information contained in New York DMV records that is operationally critical in DHS's efforts to keep our Nation secure.  The Act also threatens to block access to other state law enforcement agencies and departments if those agencies or departments provide New York DMV records to CBP and ICE.

    Over the years, CBP has utilized New York DMV records in several ways to promote national security and to enforce federal customs and immigration laws.  Having access to New York DMV information has enabled CBP to validate that an individual applying for Trusted Traveler Programs (TTP) membership qualifies for low-risk status or meets other program requirements.  An individual's criminal history affects their eligibility for TTP membership.  TTP permits expedited processing into the United States from: international destinations (under Global Entry); Canada only (under NEXUS); and Canada and Mexico only (under SENTRI).  TTP also allows quicker processing for commercial truck drivers entering or exiting the United States (under FAST).  Furthermore, CBP has needed New York DMV records to establish ownership and thus to determine whether a used vehicle is approved for export.

---

[1] N.Y. Veh. & Traf. § 201 (2019).

The Act prevents DHS from accessing relevant information that only New York DMV maintains, including some aspects of an individual's criminal history. As such, the Act compromises CBP's ability to confirm whether an individual applying for TTP membership meets program eligibility requirements. Moreover, the Act delays a used vehicle owner's ability to obtain CBP authorization for exporting their vehicle.

Furthermore, on a daily basis, ICE has used New York DMV data in its efforts to combat transnational gangs, narcotics smuggling, human smuggling and trafficking, trafficking of weapons and other contraband, child exploitation, exportation of sensitive technology, fraud, and identity theft. In New York alone, last year ICE arrested 149 child predators, identified or rescued 105 victims of exploitation and human trafficking, arrested 230 gang members, and seized 6,487 pounds of illegal narcotics, including fentanyl and opioids.[2] In the vast majority of these cases, ICE relied on New York DMV records to fulfill its mission. ICE also needs New York DMV information to safeguard Americans' financial and intellectual property rights.

New York DMV records have long been used by ICE law enforcement personnel to verify or corroborate an investigatory target's Personally Identifiable Information (PII), which can include their residential address, date of birth, height, weight, eye color, hair color, facial photograph, license plate, and vehicle registration information. Moreover, ICE's expeditious retrieval of vehicle and driver's license and identification information has helped identify targets, witnesses, victims, and assets. ICE has used DMV records to obtain search warrants, and DMV records are also critical for ICE to identify criminal networks, create new leads for investigation, and compile photographic line-ups. Additionally, during the execution of search and arrest warrants, ICE officers have used DMV information to identify individuals whose criminal history renders them a threat. The Act prohibits the sharing of vehicle registration information, including the identity of the person to whom the vehicle is registered, with DHS. That prohibition prevents ICE from running license plate searches, even when ICE is aware that the vehicle's owner has committed a heinous crime. In short, this Act will impede ICE's objective of protecting the people of New York from menacing threats to national security and public safety.

Although DHS would prefer to continue our long-standing cooperative relationship with New York on a variety of these critical homeland security initiatives, this Act and the corresponding lack of security cooperation from the New York DMV requires DHS to take immediate action to ensure DHS's efforts to protect the Homeland are not compromised.

---

[2] Nationwide, last year ICE arrested nearly 4,000 child predators, identified or rescued 1,400 victims of exploitation and trafficking, arrested 3,800 gang members, and seized 633,000 pounds of contraband, including fentanyl and opioids.

Page 3

Due to the Act's negative impact on Department operations, DHS will immediately take the following actions:

(1) **Trusted Traveler Programs—Global Entry, NEXUS, SENTRI, and FAST**. Because the Act prevents DHS from accessing New York DMV records in order to determine whether a TTP applicant or re-applicant meets program eligibility requirements, New York residents will no longer be eligible to enroll or re-enroll in CBP's Trusted Traveler Programs.

(2) **Vehicle Exports**. Because the Act hinders DHS from validating documents used to establish vehicle ownership, the exporting of used vehicles titled and registered in New York will be significantly delayed and could also be costlier.

These actions are the result of an initial assessment conducted by DHS. We will continue to review Department-wide operations related to New York to assess and mitigate the Act's adverse impact on national security and law enforcement.

Sincerely,

Chad F. Wolf
Acting Secretary

# EXHIBIT B

NY LEGIS 37 (2019), 2019 Sess. Law News of N.Y. Ch. 37 (A. 3675-B) (McKINNEY'S)

Case 1:20-cv-00445-RJL   Document 1-1   Filed 02/14/20   Page 6 of 10

2019 Sess. Law News of N.Y. Ch. 37 (A. 3675-B) (McKINNEY'S)

McKINNEY'S 2019 SESSION LAW NEWS OF NEW YORK

242nd LEGISLATURE

Additions are indicated by Text; deletions by
~~Text~~ .
Vetoes are indicated by ~~Text~~ ;
stricken material by ~~Text~~ .

CHAPTER 37

A. 3675−B

Approved June 17, 2019

**Effective December 14, 2019**

AN ACT to amend the vehicle and traffic law, in relation to the issuance of non-commercial drivers' licenses and learners' permits; and to repeal certain provisions of such law relating to driver's license applications

The People of the State of New York, represented in Senate and Assembly, do enact as follows:

<< Note: NY VEH & TRAF §§ 201, 502, 508 >>

Section 1. This act shall be known and may be cited as the "driver's license access and privacy act".

§ 2. Section 201 of the vehicle and traffic law is amended by adding five new subdivisions 8, 9, 10, 11, and 12 to read as follows:

<< NY VEH & TRAF § 201 >>

**8. Any portion of any record retained by the commissioner in relation to a non-commercial driver's license or learner's permit application or renewal application that contains the photo image or identifies the social security number, telephone number, place of birth, country of origin, place of employment, school or educational institution attended, source of income, status as a recipient of public benefits, the customer identification number associated with a public utilities account, medical information or disability information of the holder of, or applicant for, such license or permit is not a public record and shall not be disclosed in response to any request for records except: (a) to the person who is the subject of such records; or (b) where expressly required pursuant to chapter three hundred three of part A of subtitle vi of title forty-nine of the United States code; or (c) where necessary to comply with a lawful court order, judicial warrant signed by a judge appointed pursuant to article III of the United States constitution, or subpoena for individual records issued pursuant to the criminal procedure law or the civil practice law and rules.**

**9. The commissioner shall not disclose or otherwise make accessible original documents or copies of documents collected from non-commercial driver's license or learner's permit applicants or renewal applicants to prove identity, age, or fitness except: (a) to the person who is the subject of such documents; or (b) where expressly required pursuant to chapter three hundred three of part A of subtitle vi of title forty-nine of the United States code; or (c) unless necessary to comply with a lawful court order, judicial warrant signed by a judge appointed pursuant to article III of the United States constitution, or subpoena for individual records properly issued pursuant to the criminal procedure law or the civil practice law and rules.**

NY LEGIS 37 (2019), 2019 Sess. Law News of N.Y. Ch. 37 (A. 3675-B) (MCKINNEY'S)

Case 1:20-cv-00445-RJL   Document 1-1   Filed 02/14/20   Page 7 of 10

10. The commissioner shall not disclose or otherwise make accessible any portion of any record that identifies whether the type of driver's license or learner's permit that a person holds either meets federal standards for identification or does not meet federal standards for identification except: (a) to the person who is the subject of such record; or (b) where expressly required pursuant to chapter three hundred three of part A of subtitle vi of title forty-nine of the United States code; or (c) unless necessary to comply with a lawful court order, judicial warrant signed by a judge appointed pursuant to article III of the United States constitution, or subpoena for individual records properly issued pursuant to the criminal procedure law or the civil practice law and rules.

11. For the purposes of this section, whenever a lawful court order, judicial warrant, or subpoena for individual records properly issued pursuant to the criminal procedure law or the civil practice law and rules is presented to the commissioner, only those records, documents, or information specifically sought by such court order, warrant, or subpoena may be disclosed.

12. (a) Except as required for the commissioner to issue or renew a driver's license or learner's permit that meets federal standards for identification, the commissioner, and any agent or employee of the commissioner, shall not disclose or make accessible in any manner records or information that he or she maintains, to any agency that primarily enforces immigration law or to any employee or agent of such agency, unless the commissioner is presented with a lawful court order or judicial warrant signed by a judge appointed pursuant to article III of the United States constitution. Upon receiving a request for such records or information from an agency that primarily enforces immigration law, the commissioner shall, no later than three days after such request, notify the individual about whom such information was requested, informing such individual of the request and the identity of the agency that made such request.

(b) The commissioner shall require any person or entity that receives or has access to records or information from the department to certify to the commissioner, before such receipt or access, that such person or entity shall not (i) use such records or information for civil immigration purposes or (ii) disclose such records or information to any agency that primarily enforces immigration law or to any employee or agent of any such agency unless such disclosure is pursuant to a cooperative arrangement between city, state and federal agencies which arrangement does not enforce immigration law and which disclosure is limited to the specific records or information being sought pursuant to such arrangement. In addition to any records required to be kept pursuant to subdivision (c) of section 2721 of title 18 of the United States code, any person or entity certifying pursuant to this paragraph shall keep for a period of five years records of all uses and identifying each person or entity that primarily enforces immigration law that received department records or information from such certifying person or entity. Such records shall be maintained in a manner and form prescribed by the commissioner and shall be available for inspection by the commissioner or his or her designee upon his or her request.

(c) For purposes of this subdivision, the term "agency that primarily enforces immigration law" shall include, but not be limited to, United States immigration and customs enforcement and United States customs and border protection, and any successor agencies having similar duties.

§ 3. Subdivision 1 of section 502 of the vehicle and traffic law, as amended by chapter 465 of the laws of 2012, the third undesignated paragraph as amended by chapter 248 of the laws of 2016, is amended to read as follows:

<< NY VEH & TRAF § 502 >>

1. Application for license. Application for a driver's license shall be made to the commissioner. The fee prescribed by law may be submitted with such application. The applicant shall furnish such proof of identity, age, and fitness as may be required by the commissioner. **With respect to a non-commercial driver's license or learner's permit which does not meet federal standards for identification, in addition to the acceptable proofs of age and identity approved by the commissioner as of January first, two thousand nineteen, acceptable proof of identity shall also include, but not be limited to, a valid, unexpired foreign passport issued by the applicant's country of citizenship (which shall also be eligible as proof of age), a**

NY LEGIS 37 (2019), 2019 Sess. Law News of N.Y. Ch. 37 (A. 3675-B) (McKINNEY'S)

Case 1:20-cv-00445-RJL   Document 1-1   Filed 02/14/20   Page 8 of 10

**valid, unexpired consular identification document issued by a consulate from the applicant's country of citizenship, or a valid foreign driver's license that includes a photo image of the applicant and which is unexpired or expired for less than twenty-four months of its date of expiration, as primary forms of such proof. Nothing contained in this subdivision shall be deemed to preclude the commissioner from approving additional proofs of identity and age.** The commissioner may also provide that the application procedure shall include the taking of a photo image or images of the applicant in accordance with rules and regulations prescribed by the commissioner. In addition, the commissioner also shall require that the applicant provide his or her social security number ~~and~~ **or, in lieu thereof, with respect to an application for a non-commercial driver's license or learner's permit which does not meet federal standards for identification, an affidavit signed by such applicant that they have not been issued a social security number. The commissioner also** shall provide space on the application so that the applicant may register in the New York state organ and tissue donor registry under section forty-three hundred ten of the public health law with the following stated on the application in clear and conspicuous type:

"You must fill out the following section: Would you like to be added to the Donate Life Registry? Check box for 'yes' or 'skip this question'."

The commissioner of health shall not maintain records of any person who checks "skip this question". Except where the application is made in person or electronically, failure to check a box shall not impair the validity of an application, and failure to check "yes" or checking "skip this question" shall not be construed to imply a wish not to donate. In the case of an applicant under eighteen years of age, checking "yes" shall not constitute consent to make an anatomical gift or registration in the donate life registry, except as otherwise provided pursuant to the provisions of paragraph (b) of subdivision one of section forty-three hundred one of the public health law. Where an applicant has previously consented to make an anatomical gift or registered in the donate life registry, checking "skip this question" or failing to check a box shall not impair that consent or registration. In addition, an applicant for a commercial driver's license who will operate a commercial motor vehicle in interstate commerce shall certify that such applicant meets the requirements to operate a commercial motor vehicle, as set forth in public law 99–570, title XII, and title 49 of the code of federal regulations, and all regulations promulgated by the United States secretary of transportation under the hazardous materials transportation act. In addition, an applicant for a commercial driver's license shall submit a medical certificate at such intervals as required by the federal motor carrier safety improvement act of 1999 and Part 383.71(h) of title 49 of the code of federal regulations relating to medical certification and in a manner prescribed by the commissioner. For purposes of this section and sections five hundred three, five hundred ten-a, and five hundred ten-aa of this title, the terms "medical certificate" and "medical certification" shall mean a form substantially in compliance with the form set forth in Part 391.43(h) of title 49 of the code of federal regulations. Upon a determination that the holder of a commercial driver's license has made any false statement, with respect to the application for such license, the commissioner shall revoke such license.

§ 4. Paragraph (a) of subdivision 6 of section 502 of the vehicle and traffic law, as amended by section 3 of part K of chapter 59 of the laws of 2009, is amended to read as follows:

<< NY VEH & TRAF § 502 >>

(a) A license issued pursuant to subdivision five of this section shall be valid until the expiration date contained thereon, unless such license is suspended, revoked or cancelled. Such license may be renewed by submission of an application for renewal, the fee prescribed by law, proofs of prior licensing, fitness and acceptable vision prescribed by the commissioner, the applicant's social security number **or, in lieu thereof, with respect to an application for a non-commercial driver's license or learner's permit which does not meet federal standards for identification, an affidavit signed by such applicant that they have not been issued a social security number**, and if required by the commissioner**,** a photo image of the applicant in such numbers and form as the commissioner shall prescribe. In addition, an applicant for renewal of a license containing a hazardous material endorsement shall pass an examination to retain such endorsement. The commissioner shall, with respect to the renewal of a hazardous materials endorsement, comply with the requirements imposed upon states by sections 383.141 and 1572.13 of title 49 of the code of federal regulations. A renewal of such license shall be issued by the commissioner upon approval of such

NY LEGIS 37 (2019), 2019 Sess. Law News of N.Y. Ch. 37 (A. 3675-B) (McKINNEY'S)

Case 1:20-cv-00445-RJL   Document 1-1   Filed 02/14/20   Page 9 of 10

application, except that no such license shall be issued if its issuance would be inconsistent with the provisions of section five hundred sixteen of this title, and except that the commissioner may refuse to renew such license if the applicant is the holder of a currently valid or renewable license to drive issued by another state or foreign country unless the applicant surrenders such license.

§ 5. Subdivision 7 of section 502 of the vehicle and traffic law is REPEALED and two new subdivisions 7 and 8 are added to read as follows:

<< NY VEH & TRAF § 502 >>

**7. Selective service act.** The commissioner shall provide separate space on the application for a learner's permit, driver's license, non-driver identification card, or renewal thereof so that any person who is at least eighteen years of age but less than twenty-six years of age who applies to the commissioner for such permit, license, or card or renewal thereof may opt to register with the selective service in accordance with 50 U.S.C. App 451 et. seq., as amended, if such person is subject to such act, and consent to have the commissioner forward the necessary personal information in accordance with this subdivision. Such consent shall be separate from any other certification or signature on such application. The commissioner shall include on the application a brief statement about the requirement of the law, a citation of the act, and the consequences for failing to meet the same. The commissioner shall forward to the selective service system, in an electronic format, the necessary personal information required for registration only of individuals who have affirmatively opted and consented, pursuant to this subdivision, to authorize the commissioner to forward such information to the selective service system.

**8. Non-commercial drivers' licenses and learners' permits which do not meet federal standards for identification.** (a) Non-commercial drivers' licenses and learners' permits which do not meet federal standards for identification shall be issued in such form as the commissioner shall determine, provided that such licenses and permits shall be visually identical to non-commercial drivers' licenses and learners' permits which do meet federal standards for identification except that such licenses and permits may state "Not for Federal Purposes". Provided, however, that the commissioner may promulgate regulations providing for additional design or color indicators for both such non-commercial drivers' licenses and learners' permits if required to comply with federal law.

**(b)** Applicants for a non-commercial driver's license or learner's permit or a renewal thereof shall not be required to prove that they are lawfully present in the United States.

**(c)** Application forms for non-commercial drivers' licenses and learners' permits which do not meet federal standards for identification or for renewal thereof shall not state (i) the documents an applicant used to prove age or identity, or (ii) an applicant's ineligibility for a social security number where applicable, or (iii) an applicant's citizenship or immigration status.

**(d)** The commissioner and any agent or employee of the commissioner shall not retain the documents or copies of documents presented by applicants for non-commercial drivers' licenses or learners' permits which do not meet federal standards for identification to prove age or identity except for a limited period necessary to ensure the validity and authenticity of such documents.

**(e)(i)** A non-commercial driver's license or learner's permit which does not meet federal standards for identification shall not be used as evidence of a person's citizenship or immigration status, and shall not be the basis for investigating, arresting, or detaining a person. (ii) Neither the commissioner nor any agent or employee of the commissioner shall inquire about the citizenship or immigration status of any applicant for a non-commercial driver's license or learner's permit which does not meet federal standards for identification.

NY LEGIS 37 (2019), 2019 Sess. Law News of N.Y. Ch. 37 (A. 3675-B) (McKINNEY'S)

Case 1:20-cv-00445-RJL   Document 1-1   Filed 02/14/20   Page 10 of 10

§ 6. Subdivisions 2 and 3 of section 508 of the vehicle and traffic law, as added by chapter 780 of the laws of 1972, are amended to read as follows:

<< NY VEH & TRAF § 508 >>

2. Any application required to be filed under this article shall be in a manner and on a form or forms prescribed by the commissioner. The applicant shall furnish all information required by statute and**, except as otherwise provided in this title,** such other information as the commissioner shall deem appropriate.

3. License record. The commissioner shall keep a record of every license issued which record shall be open to public inspection during reasonable business hours. **Provided, however, that the following information whenever contained within the record of non-commercial drivers' licenses and learners' permits shall not be open to public inspection: the photo image, social security number, client identification number, name, address, telephone number, place of birth, country of origin, place of employment, school or educational institution attended, source of income, status as a recipient of public benefits, the customer identification number associated with a public utilities account, medical information or disability information of any holders of, or applicants for, such licenses and permits, and whether such licenses or permits meet federal standards for identification or do not meet federal standards for identification.** Neither the commissioner nor his agent shall be required to allow the inspection of an application, or to furnish a copy thereof, or information therefrom, until a license has been issued thereon.

§ 7. Any system or method established by the commissioner of motor vehicles to determine eligibility for a non-commercial driver's license or learner's permit which does not meet federal standards for identification shall not be structured in a manner that substantially disadvantages or denies such licenses or permits to applicants who do not have social security numbers or who use documents issued by a foreign government to prove age or identity.

§ 8. This act shall take effect on the one hundred eightieth day after it shall have become a law. Effective immediately, the addition, amendment and/or repeal of any rule or regulation necessary for the implementation of this act on its effective date are authorized to be made and completed on or before such date.

---

**End of Document**　　　　　　　　　　　　　© 2020 Thomson Reuters. No claim to original U.S. Government Works.