**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JONATHAN DIMAIO, et al. ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> CHAD WOLF, et al. ) <br> ) <br> Defendants. ) <br> ) | No. 1:20-cv-00445-RJL |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7(h)(1), Defendants respectfully submit the following response to Plaintiffs' statement of material facts as to which there is no genuine issue (Dkt. No. 11-1):

1. In February 2012, the Department of Homeland Security (DHS) and Customs and Border Protection (CBP) published a final rule establishing the Global Entry program and promulgating regulations governing eligibility and the application process. See Establishment of Global Entry Program, 77 Fed. Reg. 5,681 (Feb. 6, 2012). That 2012 Final Rule is codified at 8 C.F.R. § 235.12.

**RESPONSE:** Undisputed.

2. Until February 5, 2020, the 2012 Final Rule governed eligibility criteria for the Global Entry program. Under the 2012 Final Rule, New York residents were eligible to enroll in Global Entry.

**RESPONSE:** Disputed to the extent that this paragraph characterizes the 2012 rule as no longer governing eligibility criteria for Global Entry, which is in material dispute, and to the extent that it characterizes New York residents as presumptively eligible to enroll in Global Entry, irrespective of the other eligibility criteria set forth at 8 C.F.R. § 235.12. Wagner Decl.

Case 1:20-cv-00445-RJL   Document 14-2   Filed 04/06/20   Page 2 of 12

¶ 17.  Otherwise, undisputed.

    3.    On February 5, 2020, DHS banned all New York residents from enrolling or re-enrolling in Trusted Traveler programs, including Global Entry.

**RESPONSE:** Undisputed.

    4.    DHS issued this pronouncement in a letter (the "February 5 Rule") from Acting Secretary Chad Wolf to officials with the New York State Department of Motor Vehicles ("DMV"). A true and correct copy of this letter is attached at Exhibit A.

**RESPONSE:** Disputed to the extent that this paragraph characterizes the Acting Secretary's February 5 Letter as a "rule," which is in material dispute. Otherwise, undisputed.

    5.    DHS asserted that, effective "immediately," "New York residents will no longer be eligible to enroll or re-enroll in in CBP's Trusted Traveler Programs." See Ex. A at 3.

**RESPONSE:** Undisputed.

    6.    New York has roughly 20 million residents. United States Census Bureau, Population and Housing Unit Estimates (Jan. 29, 2020), https://www.census.gov/quickfacts/fact/table/NY,US/PST045219 (estimating 19.45 million New Yorkers).

**RESPONSE:** Disputed to the extent that this paragraph does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). Otherwise, undisputed.

    7.    DHS's action deprives the roughly 20 million residents of the State of New York of the ability to apply for or renew their participation in Global Entry and other Trusted Traveler programs.

**RESPONSE:** Disputed to the extent that this paragraph does not set forth uncontroverted facts that are material to the outcome of this suit.  *See Anderson*, 477 U.S. at 247–48.  Also disputed to the extent the paragraph suggests that all 20 million New York State residents are eligible to apply or are current members eligible to renew their memberships.  Wagner Decl. ¶ 17.  Otherwise, undisputed.

8. According to the Acting Deputy Secretary of Homeland Security, at the time of the February 5 Rule, roughly 80,000 New York residents had applications pending for Trusted Traveler programs like Global Entry and 150,000 residents had active Trusted Traveler status set to expire in 2020.

**RESPONSE:** Disputed to the extent that this paragraph characterizes the February 5 Letter as a "rule," which is in material dispute, and to the extent that this paragraph does not set forth uncontroverted facts that are material to the outcome of this suit.  *See Anderson*, 477 U.S. at 247–48.  Otherwise, undisputed.

9. As a consequence of the February 5 Rule, DHS canceled all pending Global Entry applications by New York residents.

**RESPONSE:** Disputed to the extent that this paragraph characterizes the February 5 Letter as a "rule," which is in material dispute. Otherwise, undisputed.

10. CBP estimates that the February 5 Rule is likely to affect roughly 800,000 people over the next five years.

**RESPONSE:** Disputed to the extent that this paragraph characterizes the February 5 Letter as a "rule," which is in material dispute, and disputed to the extent that this paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit.  *See Anderson*, 477 U.S. at 247–48.  Otherwise, undisputed.

11.     DHS explained that it was barring all New Yorkers from applying for Trusted Traveler programs because of a recent New York law that allows undocumented immigrants residing in New York to obtain driver's licenses. A true and correct copy of this letter is attached at Exhibit B, and the law is codified at N.Y. Veh. & Traf. Law §§ 201, 502, 508 (2019).

**RESPONSE:** Disputed to the extent that this paragraph excludes rationale that DHS has provided regarding why it announced that New York residents could not apply for Trusted Traveler Programs (TTP), namely, that the state law prevents DHS from accessing New York DMV records to determine whether a TTP applicant or re-applicant meets program eligibility requirements. Wagner Decl. ¶ 24.   Otherwise, undisputed.

12.     The February 5 Rule was not promulgated under the notice-and-comment provisions of the Administrative Procedure Act.

**RESPONSE:** Disputed to the extent that this paragraph characterizes the February 5 Letter as a "rule," requiring compliance with the notice-and-comment provisions of the Administrative Procedure Act, which is in material dispute.  Otherwise, undisputed.

13.     New York residents and other members of the public therefore did not have the opportunity to comment on the February 5 Rule or on DHS's justifications for it before the Rule went into effect.  Although New York residents, including U.S. citizens who reside in New York, are no longer eligible to enroll in Global Entry under the February 5 Rule, citizens and nationals of multiple foreign countries remain eligible to enroll in Global Entry.

**RESPONSE:** Disputed to the extent that this paragraph characterizes the February 5 Letter as a "rule," which is in material dispute, and to the extent that it characterizes other citizens and nationals of multiple foreign countries as presumptively eligible to enroll in Global Entry, irrespective of the other eligibility criteria set forth at 8 C.F.R. § 235.12.  Wagner Decl.

¶ 17. Otherwise, undisputed.

14. Plaintiff Jonathan DiMaio is a U.S. citizen and a resident of Brooklyn, New York. He is a filmmaker. See Ex. C (DiMaio Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph. This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

15. Mr. DiMaio has a valid passport and meets the eligibility criteria for Global Entry set forth in 8 C.F.R. § 235.12. See Ex. C (DiMaio Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph, particularly whether Mr. DiMaio meets eligibility criteria for Global Entry. Disputed to the extent the paragraph suggests that meeting the regulatory eligibility criteria alone, without the determination by CBP that disqualifying factors do not exist, is sufficient for Global Entry membership. Wagner Decl. ¶ 17. Otherwise, this paragraph does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

16. Mr. DiMaio frequently travels internationally. He has international travel scheduled over the next several months, including a trip to the Dominican Republic in summer 2020. See Ex. C (DiMaio Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph. This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

17. Mr. DiMaio is finishing post-production of a feature film, which he will be submitting to international film festivals that will take place in 2021, and he anticipates

international travel related to that process. See Ex. C (DiMaio Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph.  This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit.  *See Anderson*, 477 U.S. at 247–48.

18.     Mr. DiMaio planned to enroll in Global Entry in February 2020 to make his upcoming international travel more convenient and, in particular, to reduce processing times at the airport. As a New York resident, he is no longer eligible to apply for Global Entry under the February 5 Rule. That is the case even though Mr. DiMaio has never had a New York-issued driver's license. See Ex. C (DiMaio Declaration).

**RESPONSE:** Disputed to the extent that this paragraph characterizes the February 5 Letter as a "rule," which is in material dispute, and to the extent the paragraph suggests that having a New York-issued driver's license bears upon whether DMV information is relevant for a Global Entry application.  Wagner Decl. ¶ 24.  This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit.  *See Anderson*, 477 U.S. at 247–48.  Otherwise, the Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph.

19.     Because of the February 5 Rule, Mr. DiMaio can no longer apply for Global Entry as planned. See Ex. C (DiMaio Declaration).

**RESPONSE:** Disputed to the extent that this paragraph characterizes the February 5 Letter as a "rule," which is in material dispute. Otherwise, undisputed.

20.     The inability to use Global Entry will make it more difficult for Mr. DiMaio to travel internationally. See Ex. C (DiMaio Declaration).

**RESPONSE:** Disputed to the extent that the paragraph characterizes international travel

without Global Entry as "difficult." This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48. The Department otherwise lacks knowledge or information sufficient to dispute the facts set forth in this paragraph.

21. Mr. DiMaio plans to apply for Global Entry if the ban on New York residents is lifted. See Ex. C (DiMaio Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph. This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

22. Plaintiff Cory Fox is a U.S. citizen and a resident of Brooklyn, New York. She is a teacher at a school in New York. See Ex. D (Fox Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph. This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

23. Ms. Fox has a valid passport and meets the eligibility criteria for Global Entry set forth in 8 C.F.R. § 235.12. See Ex. D (Fox Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph, particularly whether Ms. Fox meets eligibility criteria for Global Entry. Disputed to the extent the paragraph suggests that meeting the regulatory eligibility criteria alone, without the determination by CBP that disqualifying factors do not exist, is sufficient for Global Entry membership. Wagner Decl. ¶ 17. Otherwise, this paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

24. Ms. Fox frequently travels internationally. She has international travel scheduled over the next several months, including a trip to the Dominican Republic in spring 2020. See Ex. D (Fox Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph. This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

25. Ms. Fox planned to enroll in Global Entry in February 2020 to make her international travel more convenient and, in particular, to reduce processing times at the airport. As a New York resident, she is no longer eligible to apply for Global Entry under the February 5 Rule. See Ex. D (Fox Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph. Also disputed to the extent that this paragraph characterizes the February 5 Letter as a "rule," which is in material dispute. Otherwise, undisputed.

26. Because of the February 5 Rule, Ms. Fox can no longer apply for Global Entry as planned. See Ex. D (Fox Declaration).

**RESPONSE:** Disputed to the extent that this paragraph characterizes the February 5 Letter as a "rule," which is in material dispute. Otherwise, undisputed.

27. The inability to use Global Entry will make it more difficult for Ms. Fox to travel internationally. See Ex. D (Fox Declaration).

**RESPONSE:** Disputed to the extent that the paragraph characterizes international travel without Global Entry as "difficult." This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48. The Department otherwise lacks knowledge or information sufficient to dispute the facts set forth in this

paragraph.

28. Ms. Fox plans to apply for Global Entry if the ban on New York residents is lifted. See Ex. D (Fox Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph. This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

29. Plaintiff Jocardo Ralston is a U.S. citizen and a resident of New York, New York. He teaches special education at a public school in New York. See Ex. E (Ralston Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph. This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

30. Mr. Ralston has a valid passport and meets the eligibility criteria for Global Entry set forth in 8 C.F.R. § 235.12. See Ex. E (Ralston Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph, particularly whether Mr. Ralston meets eligibility criteria for Global Entry. Disputed to the extent the paragraph suggests that meeting the regulatory eligibility criteria alone, without the determination by CBP that disqualifying factors do not exist, is sufficient for Global Entry membership. Wagner Decl. ¶ 17. Otherwise, this paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

31. Mr. Ralston plans to travel to Buenos Aires, Argentina in February 2020. He also plans to travel internationally during the school recess this summer. See Ex. E (Ralston Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph. This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit (including regarding travel that was purportedly scheduled to occur prior to the date of this filing). *See Anderson*, 477 U.S. at 247–48.

32. Mr. Ralston seeks to enroll in Global Entry to make his international travel more convenient and, in particular, to reduce processing times at the airport. He decided to apply for Global Entry after missing a flight in September due to lengthy delays at the U.S. customs checkpoint in Montreal. See Ex. E (Ralston Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph. This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

33. Mr. Ralston submitted an online application for Global Entry on January 20, 2020, and paid the $100 application fee. After applying, Mr. Ralston checked his online Trusted Traveler program account. The online account status indicated that his application was received and that an interview was pending. His application remained pending at the time Defendants issued the February 5 Rule. See Ex. E (Ralston Declaration).

**RESPONSE:** The Department otherwise lacks knowledge or information sufficient to dispute facts set forth in this paragraph. Disputed to the extent that this paragraph characterizes the February 5 Letter as a "rule," which is in material dispute. Otherwise, undisputed.

34. After learning about the February 5 Rule, Mr. Ralston logged into his online Trusted Traveler Program account. The account now states "no application[] in progress." See Ex. E (Ralston Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the

facts set forth in this paragraph. Disputed to the extent that this paragraph characterizes the February 5 Letter as a "rule," which is in material dispute. Otherwise, undisputed.

35. DHS canceled Mr. Ralston's application under the February 5 Rule because he is a New York resident.

**RESPONSE:** Disputed to the extent that this paragraph characterizes the February 5 Letter as a "rule." Otherwise, undisputed.

36. The inability to use Global Entry will make it more difficult for Mr. Ralston to travel internationally. See Ex. E (Ralston Declaration).

**RESPONSE:** Disputed to the extent that the paragraph characterizes international travel without Global Entry as "difficult." This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48. The Department otherwise lacks knowledge or information sufficient to dispute the facts set forth in this paragraph.

37. Mr. Ralston plans to apply for Global Entry if the ban on New York residents is lifted. See Ex. E (Ralston Declaration).

**RESPONSE:** The Department lacks knowledge or information sufficient to dispute the facts set forth in this paragraph. This paragraph also does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.


Dated: April 6, 2020                              Respectfully submitted,

                                                  JOSEPH H. HUNT
                                                  Assistant Attorney General

                                                  BRIGHAM J. BOWEN
                                                  Assistant Branch Director

*/s/ Dena M. Roth*
DENA M. ROTH (DC Bar # 1001184)
CHARLES E.T. ROBERTS (PA Bar # 326539)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Room 11204
Washington, DC 20005
Tel: (202) 514-5108
Facsimile: (202) 616-8460
Email: dena.m.roth@usdoj.gov

*Counsel for Defendants*
