IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JONATHAN DIMAIO, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.  1:20-cv-00445-RJL |
| | ) | |
| CHAD WOLF, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants answer Plaintiffs' Complaint as follows:

1. Paragraph 1 contains legal arguments to which no answer is required. To the extent an answer is required, Defendants deny the allegation in Paragraph 1 that the February 5, 2020 Letter constituted a rule.

2. Defendants admit the first sentence of Paragraph 2. The second sentence of Paragraph 2 purports to quote 8 U.S.C. § 1365b, to which the Court is referred for a complete and accurate statement of its contents.

3. Defendants deny the allegations in the second sentence of Paragraph 3 to the extent that it characterizes qualifying U.S. citizens, nationals, and lawful permanent residents, as well as certain individuals from other countries as presumptively eligible to enroll in Global Entry, irrespective of the other eligibility criteria set forth at 8 C.F.R. § 235.12. Defendants otherwise admit the allegations set forth in Paragraph 3.

4. Paragraph 4 purports to quote from the Acting Secretary's February 5, 2020 letter to New York DMV officials ("the February 5 Letter"), to which the Court is referred for a complete and accurate statement of its contents.

5. Paragraph 5 contains Plaintiffs' characterization of their lawsuit to which no

1

answer is required. To the extent an answer is required, Defendants deny that all 20 million New York State residents are eligible to apply or are current members eligible to renew their memberships, or that all 175,000 residents are eligible to re-enroll when their membership expires. Otherwise, admit.

6. Paragraph 6 contains Plaintiffs' characterization of their lawsuit to which no answer is required. To the extent an answer is required, Defendants deny that the February 5 Letter was a substantive rule under the APA and that Plaintiffs' constitutional, statutory, or other rights were violated. Defendants further deny that the February 5 Letter altered the eligibility criteria for Global Entry.

7. Paragraph 7 purports to quote 5 U.S.C. § 553(b), to which the Court is referred for a complete and accurate statement of its contents.

8. Paragraph 8 contains legal arguments to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 8.

9. Paragraph 9 contains legal arguments to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 9.

10. Paragraph 10 contains Plaintiffs' characterization of their lawsuit and legal arguments to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 10.

11. Paragraph 11 sets forth Plaintiffs' requested relief to which no answer is required, but insofar as an answer is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief at all.

12. Paragraph 12 contains legal arguments to which no answer is required. To the extent an answer is required, Defendants admit that they are not contesting jurisdiction in this

Court.

13. Paragraph 13 contains legal arguments to which no answer is required. To the extent an answer is required, Defendants deny the allegations set forth in this paragraph.

14. Paragraph 14 contains legal arguments to which no answer is required. To the extent an answer is required, Defendants admit that they are not contesting venue in this Court.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15, and deny the allegation in the second sentence that the February 5 Letter constituted a rule.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16, and deny the allegation in the second sentence that the February 5 Letter constituted a rule.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17, except to admit that Plaintiff Ralston's application was cancelled. Defendants deny the allegation in the second sentence that the February 5 Letter constituted a rule.

18. Admit.

19. Admit, except to aver that the correct address is 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528.

20. Admit.

21. Admit.

22. Admit, except to aver that while the IRTPA authorized CBP to establish an "international registered traveler program," it did not specifically mandate that such program be "Global Entry" as described in the regulations CBP promulgated.

23. Paragraph 23 purports to quote 8 U.S.C. § 1365b(k)(1), (3), to which the Court is referred for a complete and accurate statement of its contents.

24. Paragraph 24 purports to quote 8 U.S.C. § 1365b(k)(3)(C), to which the Court is referred for a complete and accurate statement of its contents.

25. Paragraph 25 purports to quote 8 U.S.C. § 1365b(k)(3)(E), to which the Court is referred for a complete and accurate statement of its contents.

26. Admit.

27. Defendants admit the allegations set forth in the first sentence of Paragraph 27. The second sentence of Paragraph 27 contains legal arguments to which no answer is required. Defendants refer the Court to 74 Fed. Reg. 59,932 for a complete and accurate statement of its contents.

28. Defendants admit the allegations set forth in the first sentence of Paragraph 28. The second sentence of Paragraph 28 purports to quote 77 Fed. Reg. 5,681, to which the Court is referred for a complete and accurate statement of its contents.

29. Paragraph 29 purports to summarize 8 C.F.R. § 235.12(b)(1), to which the Court is referred for a complete and accurate statement of its contents.

30. Paragraph 30 purports to summarize and quote 8 C.F.R. § 235.12(b)(2), to which the Court is referred for a complete and accurate statement of its contents.

31. Paragraph 31 purports to quote 8 C.F.R. § 235.12(b)(2), to which the Court is referred for a complete and accurate statement of its contents.

32. Paragraph 32 purports to summarize and quote 8 C.F.R. § 235.12(b)(2), to which the Court is referred for a complete and accurate statement of its contents.

33. Defendants deny the allegations in the first sentence of Paragraph 33 to the extent

that it characterizes citizens from the listed countries as presumptively eligible to enroll in Global Entry, irrespective of the other eligibility criteria set forth at 8 C.F.R. § 235.12. The second sentence of Paragraph 33 purports to summarize various notices in the Federal Register, to which the Court is referred for a complete and accurate statement of their contents.

34. Admit.

35. Deny to the extent that Paragraph 35 purports to identify the full range of activities conducted in reviewing a Global Entry application; otherwise admit.

36. Paragraph 36 purports to summarize 8 C.F.R. § 235.12(e)(1), to which the Court is referred for a complete and accurate statement of its contents.

37. Deny.

38. Defendants admit the allegation set forth in the first sentence of Paragraph 38. Defendants admit the allegation set forth in the second sentence of Paragraph 38, except to aver that CBP conducts periodic checks for all enrolled members and will revoke an individual's membership if CBP becomes aware that disqualifying factors exist for a current Trusted Traveler Program member (*e.g.*, a member gets arrested). The third and fourth sentences of Paragraph 38 purport to quote and summarize 8 C.F.R. § 235.12(j), to which the Court is referred for a complete and accurate statement of its contents.

39. Admit.

40. Paragraph 40 purports to summarize and quote 8 C.F.R. § 235.12(j) and (k), to which the Court is referred for a complete and accurate statement of its contents.

41. Admit.

42. Admit.

43. Admit.

44. Defendants admit the allegations set forth in this paragraph except to aver that the Transportation Security Administration is not a party to this litigation.

45. Admit.

46. Admit.

47. Admit.

48. Admit.

49. Admit.

50. Defendants admit the allegation in the first sentence of Paragraph 50, except to deny that the February 5 Letter constituted a rule. The remaining sentences in Paragraph 50 purport to quote or summarize the February 5 Letter and N.Y. Veh. & Traf. Law §§ 201, 502, 508 (2019) to which the Court is referred for a complete and accurate statement of their contents.

51. Paragraph 51 purports to quote from the February 5 Letter, to which the Court is referred for a complete and accurate statement of its contents.

52. Deny.

53. Defendants deny that the February 5 Letter constituted a rule; otherwise, admit to the extent that the February 5 Letter does not explicitly address New York residents who recently lived in other states.

54. Defendants deny that the February 5 Letter constituted a rule; otherwise, admit.

55. Paragraph 55 contains Plaintiffs' characterization of their lawsuit and legal arguments to which no answer is required. To the extent an answer is required, Defendants deny that the February 5 Letter was a substantive rule under the APA requiring Defendants to engage in notice-and-comment rulemaking. Defendants further deny the allegations set forth in the last sentence of Paragraph 55. Otherwise, admit.

56. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56.

57. Defendants deny the allegation that Plaintiff DiMaio is eligible to enroll in Global Entry without the determination by CBP that disqualifying factors do not exist. Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57.

58. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58.

59. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59.

60. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 60. Defendants deny the allegation in the second sentence of Paragraph 60 that the February 5 Letter constituted a rule. Defendants otherwise admit the allegations set forth in the second sentence of Paragraph 60. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 60.

61. Defendants deny that the February 5 Letter constituted a rule; Defendants lack sufficient knowledge or information to form a belief as to the truth of the "as planned" allegation. Otherwise, admit.

62. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62.

63. Defendants deny the allegation that Plaintiff Fox is eligible to enroll in Global Entry without the determination by CBP that disqualifying factors do not exist. Defendants

otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63.

64. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64.

65. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 65. Defendants deny the allegation in the second sentence of Paragraph 65 that the February 5 Letter constituted a rule. Defendants otherwise admit the allegations set forth in the second sentence of Paragraph 65.

66. Defendants deny that the February 5 Letter constituted a rule; Defendants lack sufficient knowledge or information to form a belief as to the truth of the "as planned" allegation. Otherwise, admit.

67. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 67.

68. Defendants deny the allegation that Plaintiff Ralston is eligible to enroll in Global Entry without the determination by CBP that disqualifying factors do not exist. Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68.

69. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 69.

70. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 70.

71. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first, second, and third sentences of Paragraph 71, except

to admit that Plaintiff Ralston submitted an application.  Defendants deny the allegation contained in the fourth sentence of Paragraph 71 that the February 5 Letter constituted a rule, and otherwise admit.

72.     Defendants deny the allegation contained in the first and third sentences of Paragraph 72 that the February 5 Letter constituted a rule.  Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 72.  Defendants otherwise admit the allegations set forth in the third sentence.

73.     Paragraph 73 contains legal arguments to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 73.

74.     Paragraph 74 repeats and re-alleges the foregoing paragraphs.  Defendants refer the Court to Defendants' previous answers to those paragraphs.

75.     Paragraph 75 purports to quote 5 U.S.C. § 706(2)(D), to which the Court is referred for a complete and accurate statement of its contents.

76.     Paragraph 76 purports to quote 5 U.S.C. § 553(b)–(d), to which the Court is referred for a complete and accurate statement of its contents.

77.     The first sentence of Paragraph 77 purports to quote 8 U.S.C. § 1365b(k)(3)(C), to which statute the Court is referred for a complete and accurate statement of its contents.  Defendants admit the allegations contained in the remaining sentences in this paragraph.

78.     Paragraph 78 contains legal arguments to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 78.

79.     Paragraph 79 contains legal arguments to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 79.

80. Paragraph 80 repeats and re-alleges the foregoing paragraphs. Defendants refer the Court to Defendants' previous answers to those paragraphs.

81. Paragraph 81 purports to quote 5 U.S.C. § 706(2)(A) and *Motor Vehicle Manufacturers Association v. State Farm Insurance*, 463 U.S. 29, 43 (1983), to which the Court is referred for a complete and accurate statement of their contents.

82. Paragraph 82 contains legal arguments to which no response is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 82.

83. Paragraph 83 contains legal arguments to which no response is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 83.

84. Paragraph 84 contains legal arguments to which no response is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 84.

85. Paragraph 85 repeats and re-alleges the foregoing paragraphs. Defendants refer the Court to Defendants' previous answers to those paragraphs.

86. Paragraph 86 purports to quote 5 U.S.C. § 706(2)(A), to which the Court is referred for a complete and accurate statement of their contents.

87. Paragraph 87 contains legal arguments to which no response is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 87.

88. Paragraph 88 contains legal arguments to which no response is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 88.

Plaintiffs' Prayer for Relief sets forth their requested relief to which no answer is required, but insofar as an answer is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief at all.

**AFFIRMATIVE DEFENSES**

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

Dated: May 22, 2020

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Dena M. Roth*
DENA M. ROTH (DC Bar # 1001184)
CHARLES E.T. ROBERTS (PA Bar # 326539)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Room 11204
Washington, DC 20005
Tel: (202) 514-5108
Facsimile: (202) 616-8460
Email: dena.m.roth@usdoj.gov

*Counsel for Defendants*