**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JONATHAN DIMAIO, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.  1:20-cv-00445-RJL |
| | ) | |
| CHAD WOLF, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' NOTICE OF CORRECTION

Defendants respectfully submit this notice to correct several statements in Defendants' briefs and declaration, and to inform the Court and the Plaintiffs that the Acting Secretary of Homeland Security has determined that it is appropriate to restore New York residents' eligibility to participate in Trusted Travel Programs ("TTPs"), effective immediately.  July 23, 2020 Press Release, https://www.dhs.gov/news/2020/07/23/new-york-amends-dangerous-green-light-law-cooperate-federal-law-enforcement-dmv.

As the Court is aware, Defendants have stated that the data restrictions imposed by New York's Green Light Law—in particular its restriction of access to certain criminal history information in New York DMV records—precluded CBP from conducting adequate risk assessments of New York applicants for TTPs.  For example, the February 5 Letter itself asserted that the Green Light Law "prevents [the Department of Homeland Security ("DHS")] from accessing relevant information that only New York DMV maintains, including some aspects of an individual's criminal history.  As such, the Act compromises CBP's ability to confirm whether an individual applying for TTP membership meets program eligibility requirements." Pls.' Mot. for Partial Summ. J., Ex. A, Dkt. No. 11-2 at 2.  Similar statements appeared in other, pre-decisional documents contained in the administrative record filed in the Southern District of

New York litigation and produced to Plaintiffs in this case, *see, e.g.*, Administrative Record at 62, *New York v. Wolf*, No. 1:20-cv-1127 (S.D.N.Y. June 17, 2020), Dkt. No. 65-1 ("The NY Green Light law would prevent CBP from receiving information relating to criminal convictions involving motor vehicles . . . .  Membership in a CBP Trusted Traveler Program requires application of strict standards for multiple convictions that can no longer be assessed for applicants residing in the State of NY."), and in the declaration submitted by a CBP official in opposition to Plaintiffs' Partial Motion for Summary Judgment, *see, e.g.*, Decl. by John P. Wagner, Dkt. No. 14-1 at ¶ 24 ("Such a gap in information precludes CBP from being able to conduct a full assessment of whether the applicant is considered low risk.").  Based on these statements and representations, Defendants made similar assertions in their filings.  *See, e.g.*, Defs.' Opp'n to Pls.' Mot. for Partial Summ. J, Dkt. No. 14 at 15 ("New York State denied its residents the ability to meet [the low-risk status] condition by shutting off CBP's access to information that CBP has long deemed necessary to make a proper risk assessment."); Defs.' Resp. to Pls.' Post-Arg. Letter, Dkt. No. 26 at 4–5 ("New York is the *only* State that has terminated CBP's access to driver license and vehicle data via Nlets altogether, preventing the agency's vetting of Trusted Traveler Program applications.").

This Sunday evening, undersigned counsel was advised that those statements and representations are inaccurate in some instances and give the wrong impression in others. Specifically, DHS learned that several States, the District of Columbia, and one Territory provide access to driver's license information (referred to as "Driver Query") and vehicle registration information via Nlets, but do not currently provide access to driving history information, including driving-related criminal histories.  In addition, DHS determined that two Territories do not participate in Nlets DMV-related queries, such that DMV records are not available to CBP

(or other Nlets users).  Nevertheless, CBP has continued to accept, vet, and, where appropriate, approve TTP applications from these States, the District of Columbia, and Territories.

These revelations undermine a central argument in Defendants' filings to date: that CBP is not able to assure itself of an applicant's low-risk status because New York fails to share relevant DMV information with CBP for TTP purposes.  Because this argument supplies the rationale for the TTP Decision and supports Defendants' defense of the TTP Decision, Defendants have determined that the proper course of action is to withdraw their general-statement-of-policy, interpretive-rule, good-cause, and harmless-error arguments.  *See* Defs.' Opp'n. Parts II.A, II.C & III.

Defendants deeply regret the foregoing inaccurate or misleading statements and apologize to the Court and Plaintiffs for the need to make these corrections at this stage in the litigation.  Defendants respectfully request that the Court accept this Notice to correct the record, and permit Defendants to withdraw the aforementioned arguments.  As noted above, the Acting Secretary of Homeland Security has decided to withdraw the TTP Decision and restore New York residents' access to the TTPs, effective immediately.  Accordingly, Defendants further intend to confer with Plaintiffs, and to notify, expeditiously, the Court of Defendants' views as to the impacts on the pending litigation arising from this information and the restoration of TTP access to New York residents.

Dated:  July 23, 2020                Respectfully Submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

 */s/ Charles E.T. Roberts*
DENA M. ROTH (DC Bar # 1001184)
CHARLES E.T. ROBERTS (PA Bar # 326539)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Room 11204
Washington, DC 20005
Tel: (202) 305-8628
Facsimile:  (202) 616-8460
Email: charles.e.roberts@usdoj.gov

*Counsel for Defendants*