IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN DIMAIO,<br>    et al.,<br><br>                *Plaintiffs*,<br><br>        v.<br><br>CHAD WOLF, in his official capacity as Acting Secretary of Homeland Security,<br>    et al.,<br><br>                *Defendants*. | Case No.  1:20-cv-00445 |

## SETTLEMENT AGREEMENT

Plaintiffs Jonathan DiMaio, Cory Fox, and Jocardo Ralston, by and through their undersigned counsel, and Defendants Chad Wolf, in his official capacity as Acting Secretary of the Department of Homeland Security ("DHS"), DHS, Mark Morgan, in his official capacity as Senior Official Performing the Duties of Commissioner of U.S. Customs and Border Protection ("CBP"), and CBP, by and through undersigned counsel, stipulate and agree as follows:

1. On February 5, 2020, the Acting Secretary of Homeland Security sent notice via a letter to officials with the New York State Department of Motor Vehicles ("DMV") that, effective immediately, New Yorkers would be no longer eligible to enroll or re-enroll in CBP's Trusted Traveler Programs (the "February 5 Letter").

2. The Acting Secretary explained that the February 5 Letter was necessary because of a recent New York law, the Driver's License Access and Privacy Act, that restricted access by federal immigration officials to New York DMV databases without a court order. The Acting Secretary further reasoned that the New York law compromised Defendants' ability to confirm

whether New Yorkers could satisfy eligibility requirements for Global Entry and other Trusted Traveler Programs.

3. The February 5 Letter deprived the roughly 20 million residents of the State of New York of the ability to apply for or renew their participation in Global Entry and other Trusted Traveler Programs.  It also immediately canceled the applications of roughly 80,000 residents of New York State who had applications pending for Trusted Traveler programs like Global Entry.

4. Plaintiffs initiated this action in the U.S. District Court for the District of Columbia on February 14, 2020 by filing a complaint asserting various claims against Defendants under the Administrative Procedure Act ("APA"), alleging that Defendants violated the APA by failing to adhere to the statute's notice-and-comment rulemaking procedures (Count I), by acting arbitrarily and capriciously (Count II), and by acting contrary to law (Count III).  Plaintiffs subsequently moved for Partial Summary Judgment on Count I on March 13, 2020.

5. Among other things, Plaintiffs alleged that: the February 5 Letter is a substantive rule; no exception to the APA's notice-and-comment rulemaking requirements for substantive rules applied to the Acting Secretary's letter; the APA therefore required the Acting Secretary to follow the statute's notice-and-comment rulemaking procedures prior to issuing the February 5 letter; and the Acting Secretary failed to do so.

6. On July 23, 2020, Defendants submitted a letter informing the Court that a factual predicate for the February 5 Letter—that the data restriction imposed by the New York law created a unique lack of access to DMV data compared with other States, Territories, and the District of Columbia—was erroneous.  On the same date, DHS announced the rescission of the February 5 Letter.

NOW, WHEREAS, Plaintiffs and Defendants desire, through this Agreement, to resolve and settle Plaintiffs' claims without the costs and burdens associated with further litigation;

WHEREAS, Plaintiffs and Defendants have engaged in arm's length negotiations through counsel concerning this agreement;

NOW, THEREFORE, the Parties agree, through their respective authorized representatives, to be bound by the terms and conditions set forth below.

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the mutual promises and obligations in this Agreement, and with full authority to enter into this Agreement, and intending to be bound thereby, the Parties agree as follows:

1. Defendants admit that the February 5 Letter was arbitrary and capricious in violation of the APA, and as such, is hereby without effect and is set aside in its entirety.

2. Defendants shall not prohibit residents of New York from participating in Global Entry and other Trusted Traveler Programs on the basis of New York's refusal, as described in the February 5 Letter, to provide Defendants with access to New York State DMV records. Nothing in this Agreement shall be construed to limit Defendants' authority to administer the Global Entry program as described in and governed by 8 C.F.R. § 235.12, or any lawfully promulgated successor regulation.

3. Within sixty (60) calendar days of entry of this Agreement, Defendants agree to pay $212,139.70 to Plaintiffs' counsel, Arnold & Porter Kaye Scholer, LLP, which reflects Plaintiffs' reasonable fees and costs in this matter. If this amount is not paid in full within 60 calendar days, it will bear the interest rate established by 28 U.S.C. § 1961 from the date of entry of this Agreement.

4. Plaintiffs hereby execute a full and complete release of all claims filed in the February 14, 2020 Complaint and agree to dismiss this suit with prejudice. Plaintiffs further agree not to seek discovery or sanctions based on Defendants' conduct in promulgating the February 5 Letter, in litigating this suit, and in rescinding the letter.

5. Plaintiffs and Defendants agree that Plaintiffs shall reserve and not release any claims based on acts or omissions that occur after the date of entry of this Agreement.

6. This Agreement shall be governed by and construed in accordance with the laws of the United States. Any action to enforce this Agreement, and any and all disputes relating directly or indirectly to or in any way in connection with this Agreement, shall hereafter be heard exclusively in the U.S. District Court for the District of Columbia, and shall be brought by motion filed in the case (No. 1:20-cv-00445).

7. No part of this Agreement is or will be considered confidential by the parties.

8. This Agreement shall be binding upon, and inure to the benefit of, all successors and assigns of the Parties hereto.

9. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter of this Agreement and merges any and all prior discussions and negotiations between the Parties.

10. This Agreement shall not be changed, altered, or modified in any manner except in a writing signed by all Parties to this Agreement.

11. Counsel to all Parties hereto have materially participated in the negotiation and drafting of this Agreement. Further, each Party and counsel for each Party has carefully reviewed this Agreement. None of the Parties hereto shall be considered to be the drafter of this Agreement

or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

12. Each provision of this Agreement shall be considered severable, and if for any reason any provision is deemed to be invalid or contrary to any existing or future law, ordinance, regulation, or covenant, all other provisions shall remain in effect.

13. This Agreement may be executed in counterparts. Facsimile or PDF-ed signatures shall be considered as valid signatures as of the date thereof.

14. Each of the Parties represents that this Agreement and its recitals are being voluntarily executed by such party without any duress or undue influence of any kind on that party by any person, firm, or entity.

[*Signature Pages Follow*]

IN WITNESS WHEREOF, the following Parties have caused this Amendment to be executed by their respective duly authorized officers as of August 21, 2020.

*On behalf of the Plaintiffs, Jonathan DiMaio, Cory Fox, and Jocardo Ralston, by their counsel:*

*Graham W. White*
_____
Graham W. White
R. Stanton Jones
Elisabeth S. Theodore
Andrew S. Tutt
Stephen K. Wirth
Janine M. Lopez
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 942-5000
Graham.White@arnoldporter.com


*On behalf of Defendants Chad Wolf, in his official capacity as Acting Secretary of the Department of Homeland Security ("DHS"), DHS, Mark Morgan, in his official capacity as Senior Official Performing the Duties of Commissioner of U.S. Customs and Border Protection ("CBP"), and CBP, by their counsel:*

_____
Dena M. Roth
Charles E.T. Roberts
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L. Street, NW, Room 11204
Washington, D.C. 20005
(202) 514-5108
Dena.m.roth@usdoj.gov