**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JONATHAN DIMAIO,<br>    et al.,<br><br>            *Plaintiffs*,<br><br>        v.<br><br>CHAD WOLF, in his official capacity as Acting Secretary of Homeland Security,<br>    et al.,<br><br>            *Defendants*. | Case No.  1:20-cv-00445 |

**RESPONSE TO THE COURT'S AUGUST 27, 2020 MINUTE ORDER**

Pursuant to the Court's August 27, 2020 Minute Order, the attached Declaration of R. Stanton Jones provides the requested billing information concerning the fees and costs set forth in the proposed order, and agreed to by the parties in their self-executing Settlement Agreement. The Declaration shows that those figures represent costs actually incurred and hours actually worked by Plaintiffs' counsel at Arnold & Porter's standard hourly rates. During settlement negotiations, the Government reviewed the hours actually worked by Plaintiffs' counsel, and agreed that the amount stated in the Settlement Agreement reflects Plaintiffs' reasonable fees and costs. As detailed further below, all of the pro bono work by Plaintiffs' counsel in this case was crucial to the successful outcome, resulting in the rescission of the challenged policy as well as the Government's agreement that the policy was unlawful and their binding commitment in the Settlement not to do it again. Consistent with Arnold & Porter's policy when it receives attorney's fees in pro bono litigation, these fees and costs will be paid to the Arnold & Porter Foundation, a tax-exempt charitable organization that provides funding for fellowships for recent law school

graduates, scholarships to underrepresented law students, and grants to other charitable and educational organizations.

Within 48 hours after the Department of Homeland Security (DHS) announced its decision to ban all New York residents from Global Entry and other Trusted Traveler Programs, a team of lawyers from Arnold & Porter's Appellate and Supreme Court practice group devised a litigation strategy to challenge the ban as procedurally and substantively invalid under the Administrative Procedure Act. In a matter of days thereafter, the Arnold & Porter team had been retained by the Plaintiffs to bring this lawsuit on a pro bono basis. On February 14, 2020, just nine days after DHS issued the ban, the team filed a 21-page, three-count Complaint for declaratory and injunctive relief.

Then, at the Court's direction, the Arnold & Porter team briefed partial summary judgment on an expeditious timeline. On March 13, 2020, just nine days after the March 4, 2020 status conference, the team filed Plaintiffs' motion for partial summary judgment plus a 13-page memorandum of law, a seven-page statement of undisputed material facts, declarations from each of the Plaintiffs, and additional exhibits. The team filed a 19-page reply brief within three days of receiving the Government's opposition, following several days of intensive research and drafting.

In advance of the oral argument on Plaintiffs' motion for partial summary judgment, Plaintiffs' counsel Graham White participated in two moot court sessions to prepare, one of which involved two other Arnold & Porter associates serving as moot court judges. *See* Decl. of R. Stanton Jones ¶ 8. The team then researched, drafted, and filed post-argument briefing to address the Government's contention, made for the first time at oral argument, that the Court should remand without vacatur. *See* Post-Argument Letter, Dkt. 25 (June 25, 2020).

As part of this process, the team conducted an exhaustive review of the Administrative Record—first with redactions, then without—which revealed that officials at the DHS has misrepresented the facts concerning their rationale for the Global Entry ban.[1] DHS told the Court and Plaintiffs that the ban on New York residents was necessary because "New York is the only state" that restricted DHS's access to state DMV records. *See* Decl. of John P. Wagner, Dkt. No. 14-1 ¶ 23. The unredacted Administrative Record revealed this was untrue. According to internal agency documents, DHS knew all along that at least a dozen other states and territories did the exact same thing but were not similarly punished. *See* Administrative Record at DHSGLL032, *New York v. Wolf*, No. 1:20-cv-01127, ECF No. 65 (S.D.N.Y. June 17, 2020) (discussing "Other States and Territories Restricting DMV Information Access to DHS"). Plaintiffs' counsel brought this issue to the Court's attention during the summary judgment hearing, *see* Hr'g Tr. at 36:17-22, and in a post-argument letter, *see* Post-Argument Letter, Dkt. No. 25 at 3.

As the Court knows, Defendants' counsel filed a Notice of Correction on July 23 admitting that Defendants had made inaccurate and misleading statements to the Court and Plaintiffs, and explaining that Defendants' counsel had relied on these falsehoods in opposing Plaintiffs' motion for partial summary judgment. *See* Notice of Correction, Dkt. No 27 (July 23, 2020); *see, e.g.*, Defs.' Resp. to Pls.' Post-Argument Letter, Dkt. No. 26 at 4-5 ("New York is the *only* state that has terminated CBP's access to driver license and vehicle data via Nlets altogether, preventing the agency's vetting of Trusted Traveler Program applications."); Defs.' Opp'n to Pls.' Mot. for Partial Summ. J., Dkt. No. 14 at 15 (similar).

---

[1] The Government agreed that all documents included in the parallel litigation over the Global Entry ban in New York were part of the administrative record in this matter as well. *See State of New York v. Wolf*, 1:20-cv-01127 (S.D.N.Y.). The Government provided Plaintiffs with the unredacted Administrative Record on May 22, 2020.

Following Defendants' Notice of Correction, the parties commenced negotiations aimed at resolving this matter without the need for further litigation. Before and after the July 29, 2020 status conference, the parties repeatedly conferred via email and telephonically to negotiate the terms of a settlement, including payment of Plaintiffs' reasonable fees and costs. During these negotiations, Plaintiffs' counsel provided Defendants' counsel with information regarding the total amount of fees and costs, including the number of partner, associate, and paralegal hours spent on the litigation. After reviewing this information the Government agreed that the amount stated in the Settlement Agreement reflected Plaintiffs' reasonable fees and costs. The parties executed the Settlement Agreement on August 21, 2020.

The full amount of Plaintiffs' fees and costs will be directed to the Arnold & Porter Foundation, a charity that a tax-exempt charitable organization that provides funding for fellowships for recent law school graduates, scholarships to underrepresented law students, and grants to other charitable and educational organizations.

*   *   *

In determining whether to enter a settlement order, the Court evaluates whether "the agreement in question [is] so manifestly unfair as to preclude judicial approval." *Weil v. Markowitz*, 829 F.2d 166, 172 (D.C. Cir. 1987) (citing *Glicken v. Bradford*, 35 F.R.D. 144, 151 (S.D.N.Y. 1964)). "[T]he role of the Court is limited to the extent that its business judgment is not to be substituted for that of the parties who worked out the settlement." *Glicken*, 35 F.R.D. at 151. "Courts are not permitted to modify settlement terms or in any manner to rewrite the agreement reached by the parties." *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1160 (11th Cir. 1983); *see Jeff D. v. Andrus*, 899 F.2d 753, 758 (9th Cir. 1989) ("The court's power to approve or reject settlements does not permit it to modify the terms of a negotiated settlement."). The Court "does

not have the ability to delete, modify, or substitute certain provisions, and the settlement must stand or fall in its entirety." *Hall v. Cnty. of Fresno*, 2015 WL 5916741, at *4 (E.D. Cal. 2015) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

The Settlement Agreement is self-executing, and the parties are bound by its terms regardless of whether the Court incorporates the Agreement in its order of dismissal. Nonetheless, the terms of the Settlement Agreement, including the Government's agreement to pay Plaintiffs' reasonable fees and costs, are fair. Plaintiffs accordingly request that the Court grant the parties' Joint Motion to Dismiss with Prejudice and enter the agreed-upon Proposed Order adopting the Settlement Agreement.

Dated: September 3, 2020                                  Respectfully submitted,

/s/ Graham W. White
Graham W. White
R. Stanton Jones
Elisabeth S. Theodore
Andrew T. Tutt
Stephen K. Wirth
Janine M. Lopez
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
Graham.White@arnoldporter.com

*Counsel for Plaintiffs*