**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JONATHAN DIMAIO, et al.          ) | |
|                        ) | |
|           Plaintiffs,    ) | |
| v.                       ) | No.  1:20-cv-00445-RJL |
|                        ) | |
| CHAD WOLF, et al.         ) | |
|                        ) | |
|           Defendants.    ) | |

**<u>DEFENDANTS' NOTICE OF INTENT TO PAY FEES</u>**

Defendants respectfully submit this notice to advise the Court that Defendants are undertaking preparations to process payment of fees to counsel for Plaintiffs no later than October 20, 2020, in accordance with the settlement agreement executed by the parties on August 21, 2020.  Dkt. No. 30-2 ("Settlement Agreement").

On August 21, 2020, the parties jointly reported to the Court that they had executed a settlement agreement to resolve this matter without further litigation, and filed a motion to dismiss this action with prejudice pursuant to Fed. R. Civ. 41(a).  Dkt. No. 30.  The parties further moved the Court to enter a proposed order, which *inter alia*, incorporated the Settlement Agreement and which separately ordered Defendants to pay a specified amount in fees to counsel for Plaintiffs within 60 calendar days.  *Compare* Proposed Order, Dkt. No. 30-1 at ¶ 4 *with* Settlement Agreement at 3.  On August 27, 2020, the Court ordered Plaintiffs to "provide within seven days . . . information sufficient to demonstrate that the $212,139.70 figure provided in the parties' proposed order represents payments for costs actually incurred and hours actually worked at a reasonable hourly rate." August 27, 2020 Minute Order.  Plaintiffs complied with the Court's order on September 3, 2020.  Dkt. No. 31.  No further order has issued from the Court to date.

1

Defendants understand themselves to be bound by the terms of the Settlement Agreement, notwithstanding the Court's request for and consideration of further information supporting the fee amount.  *See Autera v. Robinson*, 419 F.2d 1197, 1201 n.17 (D.C. Cir. 1969) ("a valid settlement agreement, once reached, cannot be repudiated by the parties, and after a binding settlement agreement has been made, the actual merits of the settled controversy are without consequence.").  *See also Gonzalez v. Dep't of Labor*, 609 F.3d 451, 457 (D.C. Cir. 2010) ("We interpret a settlement agreement under contract law.").  In order to comply with the term of the settlement agreement requiring Defendants to pay in full by October 20, 2020 (60 calendar days from the date of execution), U.S. Customs and Border Protection ("CBP") must be able to complete its processes for authorizing and transmitting payment.  Due to separation of duties and internal controls, these processes require several CBP personnel with defined roles. Once the settlement is batched and certified, coordination with the Department of Treasury is required.  Given the proximity to the end of the fiscal year, there are additional steps that must be taken to ensure that the funds can be made available.  Therefore, CBP requires sufficient time to ensure that payment is completed in accordance with the terms of the Settlement Agreement. Knowledge of the exact fee amount is necessary to complete the payment process.

Defendants therefore respectfully advise the Court that they are undertaking these steps to ensure they are complying with the terms of the Settlement Agreement.

Dated:  October 2, 2020          Respectfully Submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

 _/s/ Dena M. Roth_
DENA M. ROTH (DC Bar # 1001184)
CHARLES E.T. ROBERTS (PA Bar # 326539)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Room 11204
Washington, DC 20005
Tel: (202) 514-5108
Facsimile:  (202) 616-8460
Email: dena.m.roth@usdoj.gov

*Counsel for Defendants*