IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN DIMAIO,<br>   et al.,<br><br>              *Plaintiffs*,<br><br>      v.<br><br>CHAD WOLF, in his official capacity as Acting Secretary of Homeland Security,<br>   et al.,<br><br>              *Defendants*. | Case No. 1:20-cv-00445 |

### RESPONSE TO THE COURT'S OCTOBER 5, 2020 MINUTE ORDER

Per the Court's October 5, 2020 Minute Order, Plaintiffs submit the "billing records that are the basis for the $212,139.70 figure provided in the parties' Joint Motion to Dismiss." *See* Ex. A.

Plaintiffs respectfully submit that, although the Court has discretion in determining whether to incorporate the agreed-upon settlement into its order of dismissal, "[c]ourts are not permitted to modify settlement terms or in any manner to rewrite the agreement reached by the parties." *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1160 (11th Cir. 1983). Because the Settlement Agreement is self-executing, it will bind the Government regardless of whether it is incorporated into the order of dismissal. Indeed, the parties agree that they are "bound by the terms of the Settlement Agreement, notwithstanding the Court's request for and consideration of further information supporting the fee amount." Defs.' Notice, ECF No. 32 (Oct. 2, 2020). The parties have already agreed that the $212,139.70 figure provided in the Settlement Agreement is reasonable, and the Government agreed to pay that amount in exchange for significant concessions from Plaintiffs, including Plaintiffs' voluntary dismissal of this action without further litigation.

Nonetheless, the terms of the Settlement Agreement, including the Government's agreement to pay Plaintiffs' fees and costs, are both fair and reasonable. *See* Ex. A; Response to the Court's Aug. 27, 2020 Minute Order, ECF No. 31 (Sept. 3, 2020). It is both reasonable and common for Plaintiffs' counsel to recover attorney's fees in pro bono litigation. *See, e.g.*, *Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009) (holding that it is "well-settled" that recovery of attorney's fees under the Equal Access to Justice Act is "not contingent on an obligation to pay counsel."); *see also Blum v. Stenson*, 465 U.S. 886, 892-95 (1984) (holding that an award of attorney's fees under the Civil Rights Attorney's Fees Awards Act should not be viewed as "an unjustified windfall or subsidy").

Plaintiffs request that the Court grant the parties' Joint Motion to Dismiss with Prejudice.

Dated: October 7, 2020

Respectfully submitted.

/s/ Graham W. White
Graham W. White
R. Stanton Jones
Elisabeth S. Theodore
Andrew T. Tutt
Stephen K. Wirth
Janine M. Lopez
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
Graham.White@arnoldporter.com

*Counsel for Plaintiffs*