UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN DIMAIO, *et al.*,

    Plaintiffs,

v.

CHAD WOLF,
*in his official capacity as Acting Secretary of Homeland Security*,

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

    Defendants.

Civil Case No. 20-445 (RJL)


FILED
DEC 1 5 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM ORDER
(December 15, 2020) [Dkt. # 36]

Plaintiffs Jonathan DiMaio, Cory Fox, Jocardo Ralston, and all Defendants have agreed to a revised Settlement Agreement that resolves the claims asserted in this case. Upon consideration of the parties' Renewed Joint Motion to Dismiss, the Court hereby ORDERS as follows:

1. The following claims asserted by Plaintiffs are dismissed with prejudice:

    a. Count I (Violation of the Administrative Procedure Act -- Without Observation of Procedure Required by Law)

    b. Count II (Violation of the Administrative Procedure Act -- Arbitrary and Capricious)

    c. Count III (Violation of APA -- Not in Accordance with the Law)

2. The revised Settlement Agreement between Plaintiffs and Defendants, which is attached to this Order as Exhibit A, is incorporated into this Order.

3. Pursuant to the Settlement Agreement, the February 5 Letter is without effect and is set aside in its entirety. Defendants shall not prohibit residents of New York from participating in Global Entry and other Trusted Traveler Programs on the basis of New York's refusal, as described in the February 5 Letter, to provide Defendants with access to New York State DMV records. This Order does not limit Defendants' authority to administer the Global Entry program as described in and governed by 8 C.F.R. § 235.12, or any lawfully promulgated successor regulation.

4. Within thirty (30) calendar days of entry of the Settlement Agreement, Defendants shall pay $87,900.90, which reflects the amount of fees deemed reasonable by the Court's November 17, 2020 Memorandum Opinion[1] plus Plaintiffs' costs, to counsel for the Plaintiff, Arnold & Porter Kaye Scholer, LLP. If this amount is not

---

[1] The Court applauds the decision of the parties to revise the amount of attorneys fees to be paid under the Settlement Agreement to Arnold & Porter Kay Scholer, LLP for its representation in this *pro bono* case. While they did not have to do so, it surely was the fair and wise thing to do at this time of great stress on the public fisc!

paid in full within 30 calendar days, it will bear the interest rate established by 28 U.S.C. § 1961 from the date of entry of this Agreement.

**SO ORDERED.**

_____
**RICHARD J. LEON**
**United States District Judge**